UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| ZACH HILLESHEIM, *Plaintiff*, v. PETROW'S RESTAURANT, INC.; and PETROW'S L.L.C., *Defendants* | Case No. _____ **COMPLAINT** **Injunctive Relief Sought** |

Plaintiff Zach Hillesheim, by and through the undersigned counsel, brings this action against Petrow's Restaurant, Inc., a Nebraska corporation, and Petrow's L.L.C., a Nebraska limited liability company, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this civil rights action against Defendants for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities.

2. Defendants own and operate the restaurant known as "Petrow's Restaurant" which to the extent it was constructed and first occupied after January 26, 1993 or was altered after January 26, 1993 was required to be designed and constructed to be readily accessible to persons with disabilities. To the extent "Petrow's Restaurant" was not constructed or altered before January 26, 1993, it was required to remove barriers to access

to the extent barrier removal was readily achievable. "Petrow's Restaurant" contains architectural barriers to accessibility.

3. The violations alleged in this complaint occurred at "Petrow's Restaurant", located at 5914 Center St., Omaha NE 68106.

4. Defendants' failure to provide equal access to "Petrow's Restaurant" violates the mandates of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

5. Defendants' conduct constitutes an ongoing and continuous violation of the law.

6. Accordingly, Plaintiff seeks a declaration that Defendants' facilities violate federal law and an injunction requiring Defendants to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendants continue to comply with the relevant requirements of the ADA.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1343(a)(3). This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

8. Venue in this judicial district is proper because Defendants are located and transact business within this judicial district and have sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

9. Plaintiff Zach Hillesheim is a resident of the city of Omaha, Nebraska.

10. Plaintiff suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 *et seq*.

11. Plaintiff Hillesheim was paralyzed as an infant while undergoing surgery to address a congenital heart defect. During the surgery, his spine was severed, paralyzing him below the waist. Mr. Hillesheim cannot walk and uses a wheelchair for mobility. As a person with a disability, Mr. Hillesheim has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

12. Defendant Petrow's Restaurant, Inc., a Nebraska limited liability company, is the operator and lessee of the real property and improvements which are the subject of this action, the restaurant known as "Petrow's Restaurant", a place of public accommodation within the meaning of the ADA, located at the street address of 5914 Center St., Omaha NE 68106.

13. Defendant Petrow's L.L.C., a Nebraska Corporation, is the owner and lessor of the real property and improvements which are the subject of this action, the restaurant known as "Petrow's Restaurant", a place of public accommodation within the meaning of the ADA, located at the street address of 5914 Center St., Omaha NE 68106.

## FACTUAL BACKGROUND

14. On July 26, 2018 Plaintiff Hillesheim visited the restaurant "Petrow's Restaurant" in Omaha, Nebraska.

15. When Plaintiff drove to "Petrow's Restaurant" he found approximately 79 total parking spaces in the parking lot and 4 parking spaces reserved as accessible parking spaces in the customer parking lot.

16. The 1 parking space reserved as an accessible parking space on the north side of "Petrow's Restaurant" and its adjacent access aisle had steep slopes.

17. The 1 parking space reserved as an accessible parking space on the southeast side of "Petrow's Restaurant" had an adjacent access aisle, but a curb ramp extended far into the aisle.

18. The 3 parking spaces reserved as accessible parking space to the west of "Petrow's Restaurant" and their adjacent access aisles had steep slopes.

19. 2 reserved parking spaces were reserved through paint on the surface of the parking spaces but not through posted signage.

20. Photographs in Exhibit A to this Complaint depicts the "Petrow's Restaurant" customer parking lot as it appeared on Plaintiff's July 26, 2018 visit.

21. A ramp provided ramped access between the west side of the customer parking lot and the nearby building entrance, but this ramp required changing direction on the ramp run, did not have a landing at the base of the ramp, and had steep cross slopes.

22. The toilet paper dispenser in men's restroom was located above the grab bar and was too close to the grab bar, and it was not located in front of the toilet, but rather directly to the side.

23. A photograph in Exhibit B to this Complaint depicts the "Petrow's Restaurant" men's restroom as it appeared on Plaintiff's July 26, 2018 visit.

24. In light of the architectural barriers at "Petrow's Restaurant", Plaintiff Hillesheim is deterred from visiting "Petrow's Restaurant" in the future. Plaintiff Hillesheim

intends to return to "Petrow's Restaurant", but these architectural barriers deter him from doing so. He plans to return and patronize "Petrow's Restaurant" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

25. Plaintiff Hillesheim is a resident of Omaha, Nebraska, and he plans to continue visiting businesses in the greater Omaha area in the future and would enjoy being able to patronize Defendants' restaurant.

26. Plaintiff Hillesheim attempted to access Defendants' premises but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendants' premises. As a result of Defendants' non-compliance with the ADA, Plaintiff Hillesheim cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

27. On July 26, 1990, President George H.W. Bush signed into law the ADA, 42 U.S.C. § 12101, *et seq.*, a comprehensive civil rights law prohibiting discrimination on the basis of disability. In its findings, Congress determined that, among other things:

   a. Some 43 million Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole grows older;

   b. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, discrimination against individuals with disabilities continues to be a serious and pervasive social problem;

   c. Discrimination against individuals with disabilities persists in such critical areas as employment, public housing accommodations, education, transpor-

  tation, communication, recreation, institutionalization, health services, voting, and access to public services;

 d. Individuals with disabilities continually encounter various forms of discrimination; and

 e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our society is justly famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1)–(3), (5), (9).

  28. Congress explicitly stated that the purpose of the ADA was to:

 a. Provide a clear and comprehensive mandate for the elimination of discrimination against individuals with disabilities;

 b. Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

 c. Invoke the sweep of congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by individuals with disabilities.

42 U.S.C. § 12101(b)(1), (2), (4).

  29. Title III of the ADA prohibits discrimination in the activities and facilities of places of public accommodation, and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181–89.

30. The ADA provided places of public accommodation one and one half years from its enactment to implement its requirements. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 2181; 28 C.F.R. § 36.508(a).

31. Pursuant to the mandates of 42 U.S.C. § 12134(a), the Department of Justice ("DOJ") promulgated federal regulations to implement the requirements of Title III of the ADA, which are codified at 28 C.F.R. Part 36. Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 C.F.R. Part 36) contains the ADA Standards for Accessible Design, which were based upon the ADA Accessibility Guidelines ("1991 ADAAG") published by the Access Board on the same date. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq.*; 28 C.F.R. § 36.508(a).

32. In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and local government entities, as well as individuals with disabilities.

33. In 1999, based largely upon the report and recommendations of the advisory committee, the Access Board issued a notice of proposed rulemaking to update and revise the 1991 ADAAG.

34. The Access Board issued final publication of revisions to the 1991 ADAAG on July 3, 2004.

35. On September 30, 2004, the DOJ issued an advance notice of proposed rulemaking to begin the process of adopting the 2004 ADAAG revisions.

36. On June 17, 2008, the DOJ published a notice of proposed rulemaking covering Title III of the ADA.

37. The extended process of revising the 1991 ADAAG culminated with the DOJ's issuance of the 2010 Standards for Accessible Design ("2010 Standards"). The 2010 Standards incorporated the revised 2004 ADA Accessibility Guidelines ("ADAAG"), as well as the requirements contained in subpart D of 28 C.F.R. Part 36. The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010. The 2010 Standards became effective on March 15, 2011.

## FACTUAL ALLEGATIONS

38. Defendants have discriminated against Plaintiff on the basis of his disabilities by failing to comply with the requirements of the ADA and the ADAAG with regard to "Petrow's Restaurant". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "Petrow's Restaurant" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a. The "Petrow's Restaurant" customer parking lot had 79 total parking spaces and 5 parking spaces reserved as accessible parking spaces but 0 had parking spaces reserved as accessible spaces that complied with ADAAG 502, in violation of ADAAG 208.2. Plaintiff requires accessible parking spaces which comply with all elements of 502 (including location, width, length, signage, slope, and presence of an access aisle) to ensure he can park safely, make a safe transfer between his vehicle and wheelchair, and travel safely between the parking lot to the building entrance.

b. All the spaces reserved as accessible and/or their adjacent access aisles were associated with slopes greater than 1:48 in violation of ADAAG 502.4. Excessive slopes in accessible parking spaces and their adjacent access aisles make transfers from vehicle to parking lot surface harder for Plaintiff.

c. 0 parking spaces were reserved as van accessible parking spaces, in violation of ADAAG 208.2.4 and 502.6.

d. 2 reserved parking spaces were not reserved through posted signage, in violation of ADAAG 216.5 and 502.6. Failure to reserve parking spaces with posted signage makes it difficult for Plaintiff to find accessible parking, creates the risk of someone inadvertently parking reserved parking spaces, and hampers the ability of law enforcement to enforce parking laws and regulations.

e. The ramp providing access between the west customer parking lot and the building entrance did not have a level landing at the base of the ramp the full width of the ramp extending at least 60 inches from the end of the ramp run, in violation of ADAAG 405.7. Plaintiff requires ramps with minimal cross slope and level landings to safely travel on ramps.

f. The ramp providing access between the west customer parking lot and the building entrance had cross slopes steeper than 1:48, in violation of ADAAG 405.3 Cross slopes make maintaining direction and control of a wheelchair difficult for Plaintiff.

g. The ramp providing access between the southeast parking lot and the front entrance to the restaurant extends into the access aisle next to a space reserved as accessible in violation of ADAAG 406.5 and 502.4. A ramp in an

        access aisle results in slopes greater than 1:48 in the access aisle, making transfers from his car to the parking lot more dangerous for Plaintiff.

   h. The toilet paper dispenser in the accessible stall in men's restroom was located above the grab bar and was within 12 inches of the grab bar, in violation of ADAAG 609.3. Objects blocking grab bars make it harder for Plaintiff to make a safe transfer between his wheelchair and the toilet.

   i. The toilet paper dispenser in the accessible stall in men's restroom was not located 7 to 9 inches in front of the toilet, in violation of ADAAG 604.7. Improperly located toilet paper dispensers can be difficult for Plaintiff to reach.

39. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff or which exist at "Petrow's Restaurant". To qualify as an accessible parking facility, and for a parking space to qualify an accessible parking space, the space must be located on an accessible route, the route must be the shortest accessible route, the space must be marked by appropriate signage, the space must be flanked by an access aisle, and the space and access aisle must comply with sloping requirements. ADAAG 206; 208; 216, Chapter 4 including but not limited to 402, 403, 404, 405, and 406; and 502 – including, but not limited to, 502.4 which governs the floor or ground surfaces of both parking spaces and access aisles.

40. In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Petrow's Restaurant" in order to photograph and measure all such barriers to access and violations of the ADA and the ADAAG.

41. Compliance with the ADA standards, and the ADAAG is required by 42 U.S.C §§ 12182 and 12183 to the extent the facility was designed and constructed or al-

tered after January 26, 1993, and the violations to the ADAAG requirements are not a result of compliance being structurally impracticable. 28 C.F.R § 36.401(a)(1).

42. In the alternative, to the extent any architectural elements were constructed prior to that date, compliance with the ADA standards and the ADAAG is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendants due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, creating accessible parking spaces. 28 C.F.R. § 36.304(b).

43. Compliance is also readily achievable due to the significant assistance available to businesses. Section 44 of the IRS Code allows a Disabled Access tax credit for small businesses with 30 or fewer full-time employees or with total revenues of $1 million or less, which is intended to offset the cost of undertaking barrier removal and alterations to improve accessibility. Section 190 of the IRS Code provides a tax deduction for businesses of all sizes for costs incurred in removing architectural barriers, up to $15,000. *See* ADA Update: A Primer for Small Business, http://www.ada.gov/regs2010/smallbusiness/smallbusprimer2010.htm#tax (Mar. 16, 2011).

44. As a person with a disability, Plaintiff Hillesheim has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

45. Without injunctive relief, Defendants' failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be unable to inde-

pendently access "Petrow's Restaurant" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

## FIRST CAUSE OF ACTION
### Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

46. Plaintiff incorporates and realleges the above paragraphs.

47. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

48. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

49. Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Hillesheim has been denied full and equal access to "Petrow's Restaurant" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

50. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the ADA and ADAAG are ongoing.

51. Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Hillesheim, even though removing the barriers was required and is readily achievable.

52. Plaintiff Hillesheim plans to visit "Petrow's Restaurant" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "Petrow's Restaurant" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

53. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendants to make "Petrow's Restaurant" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Petrow's Restaurant" until such time as Defendants cure the access barriers.

54. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

    a. Plaintiff demands a trial in Omaha, Nebraska.

    b. That the Court issue a Declaratory Judgment that determines that Defendants' facilities, at the commencement of the instant suit, are in violation of

    Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

c. That the Court award nominal damages.

d. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.504(a), enjoining Defendants from continuing their discriminatory practices; including an order directing Defendants to remove all barriers to the maximum extent feasible or in the alternative make all readily achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring Defendants to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

e. That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505, or as otherwise provided by law; and

f. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

DATED: October 29, 2018

                                                 /s/ Padraigin L. Browne
                                                 Padraigin L. Browne (MN Bar # 389962)
                                                 Browne Law LLC
                                                 8530 Eagle Point Blvd, suite 100
                                                 Lake Elmo, MN 55042

- 15 -

E-mail: paddy@brownelawllc.com
Phone: (612) 293-4805